IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DALE ALPHONSO BRATCHIE,**

                  **Plaintiff,**

v.                                              Case 2:18-cv-02674-TLP-cgc

**ANDY BURKE, Mayor;**
**NEIL PINKSTON, District Attorney;**
**CHATTANOOGA CITY POLICE DEPARTMENT;**
**JUDGE STATOOM;**
**BOILE ELLIS, Officer;**
**OFFICER MCDOWELL;**
**OFFICER SWHART;**

                  **Defendant.**

---

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915**

---

Before the Court is Plaintiff Dale Alphonso Bratchie's *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983"), which must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") as Plaintiff is proceeding *in forma pauperis*. The Section 1915 Screening has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

## I.     Introduction

On September 27, 2018, Plaintiff filed his *pro se* Complaint against the above-styled Defendants. Plaintiff alleges that, in July 2015, Judge Statom[1] "dropped" an aggravated assault charge against a woman, Lola Raines ("Raines"), who assaulted him and left him blind. (Compl. ¶ IV). It appears that Plaintiff believes that Judge Statom did so out of bias against him, as he alleges that Judge Statom was a former "ADA" who had prosecuted him on "several occasions." (*Id.*) Plaintiff alleges that Raines and her boyfriend then assaulted him again. (*Id.*) Plaintiff alleges that he went to the "D.A.'s office to talk to Mr. Pinkston" because he "wanted to know why was this person free" to assault him again. (*Id.*) Plaintiff alleges that he was advised that he "failed to come to court to prosecute." (*Id.*)

## II.    Proposed Analysis

Plaintiff's Complaint alleges violations of his civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v.*

---

[1] Judge Lila J. Statom is a Hamilton County General Sessions Court Judge.

*Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."  *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

With respect to suits against judges and quasi-judicial officers, including prosecutors, the United States Court of Appeals for the Sixth Circuit has summarized the law as follows:

> It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. Moreover, absolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial duties.  Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.
>
> The Supreme Court has endorsed a 'functional' approach in determining whether an official is entitled to absolute immunity.  Under this approach, a court looks to the nature of the function performed, not the identity of the actor who performed it.  For example, a prosecutor who undertakes acts in the preparation or initiation of judicial proceedings is entitled to absolute immunity.  On the other hand, when

> a prosecutor performs administrative acts unrelated to judicial proceedings, qualified immunity is all that is available.

*See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (internal citations and quotation marks omitted); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (providing absolute civil immunity to prosecutors).

Accordingly, it is RECOMMENDED that Judge Statom is entitled to absolute judicial immunity relating to her adjudication of criminal matters. It is further RECOMMENDED that District Attorney Neil Pinkston is entitled to absolute immunity for exercising his prosecutorial discretion in not pursuing charges against an individual or individuals. Thus, it is RECOMMENDED that the Complaint be dismissed against Defendant Judge Statom and Defendant Neil Pinkston.

Further, the Complaint attempts to name numerous other Defendants, including the Mayor of Chattanooga, the Chattanooga Police Department ("CPD"), and various CPD officers; however, the Complaint contains no factual allegation against any of these individuals or departments. In fact, the Complaint contains no allegations against anyone except those who possess absolute immunity. Even if the Court were to construe the Complaint as against the individuals in their official capacity, and thus against City of Chattanooga, there are no allegations contained therein which Plaintiff may lawfully pursue. Therefore, it is RECOMMENDED that Plaintiff's Complaint also be dismissed as to the remaining Defendants.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

Signed this 31st day of December, 2018.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**