IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DALE ALPHONSO BRATCHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02674-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| ANDY BURKE, Mayor; NEIL | ) | |
| PINKSTON, District Attorney; | ) | |
| CHATTANOOGA CITY POLICE | ) | |
| DEPARTMENT; JUDGE STATOOM; | ) | |
| BOILE ELLIS, Officer; and OFFICER | ) | |
| SWHART, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT**

Under Administrative Order 2013-05, the Magistrate Court submitted a Report and Recommendation ("R & R") suggesting that this Court dismiss Plaintiff's pro se complaint for failing to state a claim upon which relief can be granted. (ECF No. 8.) Plaintiff's complaint alleges that Defendants violated his civil rights under 42 U.S.C. § 1983. (*See* ECF No. 1.) He has been granted leave to proceed in forma pauperis. (ECF No. 6.) As explained more fully below, this Court adopts the R & R and dismisses the case.

## ANALYSIS

### I. In Forma Pauperis Case Screening

The Court must screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant. If a case does fall into one of these categories, "the court shall dismiss the

case at any time . . . ." *See* 28 U.S.C. § 1915(e)(2).  As mentioned above, the Magistrate Court conducted this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B).

The R & R recommends dismissal of the complaint for failing to state a claim upon which relief can be granted.  (ECF No. 8.)  In particular, the Magistrate Court recommends: (1) that Defendant Judge Statoom is entitled to absolute judicial immunity; (2) that Defendant District Attorney Neil Pinkston is entitled to absolute immunity for exercising his prosecutorial discretion; and (3) that the complaint fails to allege any actions by the remaining defendants.  (ECF No. 8 at PageID 3–4.)

**II.     Adopting the R & R**

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Plaintiff did not object to the R&R and the time for filing objections has expired.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 amendment.  Having reviewed the R&R, the Court finds no clear error and ADOPTS the Report and Recommendation (ECF No. 8) in its entirety.

**APPELLATE ISSUES**

Under 28 U.S.C. §1915(a)(3), the Court must consider whether an appeal by Plaintiff here would be taken in good faith.  The good-faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not baseless.  *Id.*  The same

2

considerations that lead the Court to dismiss this case at the screening stage also compels the conclusion that an appeal would not be taken in good faith.

As a result, this Court CERTIFIES, under 28 U.S.C. §1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.

If Plaintiff wishes to appeal, he is hereby notified that he must pay the $505 appellate filing fee in full or move to proceed in forma pauperis on appeal with the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

## **CONCLUSION**

For these Reasons the Court ADOPTS the R&R in its entirety. And Plaintiff is DENIED leave to appeal in forma pauperis. This Court will enter Judgment DISMISSING the complaint.

**SO ORDERED**, this 2nd day of April, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE